UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jeremy Torres</u>

    v.                                              Civ. No. 22-cv-93-JL

<u>City of Manchester, et al.</u>

### REPORT AND RECOMMENDATION

In this civil rights case, the court has under consideration plaintiff Jeremy Torres's motion to amend his complaint to identify by name various defendants previously only identified as "John Doe." <u>See</u> Motions (Doc. Nos. 29, 30, 31, and 32).

### Procedural Background

Mr. Torres filed his original complaint in March 2022, asserting civil rights claims arising from police encounters in Manchester New Hampshire in 2021, which he alleged, involved false arrests and assaults by Manchester Police Department ("MPD") officers. As he was unable to identify the MPD officers by name, the suit was initiated against ten "John Doe" officers.[1]

---

[1] Mr. Torres also names ten MPD supervising officers in "John Doe" capacities, but the supervisory claims were dismissed after preliminary review of the complaint and the current motions provide nothing to suggest that the dismissal of those claims should be revisited.

In January 2023, the court approved a discovery plan which, among other items, set a July 3, 2023 deadline for Mr. Torres to file an amended complaint identifying the John Doe defendants. In August 2023, no amendment having been filed, the defendants moved for judgment on the pleadings. The basis of the motion was, in part, that Mr. Torres had not named any individuals in place of the "John Does" and that the time for doing so had passed. Following a case management conference on October 6, 2023, the court allowed Mr. Torres until October 20, 2023 to file a motion to amend and the proposed amended complaint. Mr. Torres was cautioned that his motion must state the reasons why the court should find "good cause for extending the July 3, 2023 amendment deadline.

Mr. Torres timely responded, filing several documents with "Motion to Amend" in the title. (Doc. Nos. 29, 30, 31, and 32). The court construes those four documents, as well as the original complaint (Doc. No. 1) as the entirety of the proposed amended complaint. The defendants have timely objected to the motion to amend.

## Discussion

A party may amend its pleading once as a matter of course within twenty-one days of serving it, within twenty-one days of service of a motion to dismiss, or by leave of court, which "should be freely given when justice so requires." Fed. R. Civ.

2

P. 15(a). But where a scheduling order is in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where the scheduling order sets deadlines for amending the pleading and a motion to amend is filed after that deadline, Rule 16(b)'s "good cause" standard, rather than Rule 15(a)'s "freely given" standard governs. See O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-5 (1st Cir. 2004).

"Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." O'Connell, 357 F.3d at 155. Under this inquiry, "[p]rejudice to the opposing party remains relevant but is not the dominant criterion." Id. Rather, "'[i]ndifference' by the moving party" may preclude leave to amend "irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." Id. (citation omitted). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial tactics and strategy ....'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)). Moreover, "[a]s a case progresses, . . .

3

. the burden on a plaintiff seeking to amend a [pleading] becomes more exacting." Id.

"In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and 'exercise its informed discretion in constructing a balance of pertinent considerations.'" U.S. ex rel. Hagerty v. Cyberonics, Inc., 146 F. Supp. 3d 337, 342 (D. Mass. 2015) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006)); see also Martins v. Vt. Mut. Ins. Co., 662 F. Supp. 3d 55, 60-61 (D. Mass. 2023)(same), aff'd, 92 F.4th 325 (1st Cir. 2024)

The dispute here centers on plaintiff's diligence in moving to amend. The defendants assert that Mr. Torres had all the information he needed to replace the John Doe defendants well before the deadline. While Mr. Torres admits that he had body camera footage of the incidents in question, and it appears he had a list of officers present at the scenes of the two incidents, the court is not persuaded that he had the information he needed to connect the footage to the precise actions of individual defendants.  Moreover, Mr. Torres indicated at the hearing that he was confused as to his responsibilities and had difficulty accessing the court's electronic filing system.  This is sufficient for the court to find that Mr. Torres was not "indifferent," see O'Connell, 357 F.3d at 155, but was appropriately diligent to allow him to

4

amend the complaint. And while prejudice to the defendant is a secondary factor, there appears to the court to be little apparent prejudice in allowing this amendment. There has been minimal discovery, and the substitution of names – rather than the addition of new claims, is unlikely to be a surprise to the defendants or create an additional burden in defending the case. Accordingly, the court will order service of the amended complaint under separate cover, with certain exceptions explained below.[2]

Although the new caption lists Manchester Police Officers Micheal Auger and Micheal Johnson as defendants, see doc. Nos. 29, 30, 31 and 32, neither of them are alleged to have committed any acts against Mr. Torres. Accordingly, the motion to amend should be denied as to them. In addition, the motion should be denied as to Sgt. Micheal Caron, a supervisor, as supervisory claims were previously dismissed. See Order (Doc. No. 9), approving R&R (Doc. No. 3).

## Conclusion

For the foregoing reasons, it is recommended that the district judge grant Mr. Torres's motion to amend, except to the extent he seeks to name MPD Officers Micheal Auger and Micheal

---

[2] Officer Justin Hood is the only defendant alleged to have participated in both incidents. The remainder of the defendants are alleged to have been involved in the incident that allegedly took place in April 2021.

Johnson, and MPD Sgt. Micheal Caron as defendants; and upon approval of this Report and Recommendation, refer this matter to the Magistrate Judge for a service order.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

April 23, 2024

cc: Jeremy Jason Torres, pro se
    Dona Feeney, Esq.
    David Betancourt, Esq.
    Ronald Reape, Esq.