UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jeremy Torres

    v.                                                       Civ. No. 22-cv-93-JL

City of Manchester, et al.

**REPORT AND RECOMMENDATION**

The court has under consideration the defendant's motion to strike (Doc. No. 91) plaintiff's amended complaint (Doc. No. 77). For the reasons that follow, the defendants' motion should be granted.[1]

**Procedural Background**

Mr. Torres filed his original complaint in March 2022, asserting civil rights claims arising from police encounters in Manchester, New Hampshire in 2021, which he alleged, involved false arrests and assaults by Manchester Police Department ("MPD") officers. As he was unable to identify the MPD officers by name, the suit was initiated against ten "John Doe" officers. On May 9, 2024, the court granted Mr. Torres's motion to amend to add officers' names to replace the "John Doe" officers. See

---

[1] Although the time for plaintiff to object to this motion has not yet expired, the court construes his proposed amended complaint as a motion to amend, and construes the defendants' motion to strike as an objection to that motion.

April 23, 2025 Report and Recommendation (Doc. No. 43); Order Approving R&R (Doc. No. 45). The defendants answered the amended complaint on June 25, 2024 (Doc. No. 47).

On July 15, 2025, the court, with the plaintiff's agreement, approved the parties' motion to enlarge discovery deadlines (Doc. No. 66). That schedule, now the operative schedule in this case, contained revised deadlines for completion of discovery, expert disclosures and summary judgment. Notably, the long-expired, August 30, 2024, deadline for plaintiff to amend his complaint set forth in the original discovery plan (Doc. No. 51) was not changed.

On October 10, 2025, roughly thirty days before the scheduled close of discovery, plaintiff filed an amended complaint, which the defendants timely moved to strike.

## Discussion

A party may amend its pleading once as a matter of course within twenty-one days of serving it, within twenty-one days of service of a motion to dismiss, or by leave of court, which "should be freely given when justice so requires." Fed. R. Civ. P. 15(a). But where a scheduling order is in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where the scheduling order sets deadlines for amending the pleading and a motion to amend is filed after that deadline, Rule 16(b)'s "good cause"

2

standard, rather than Rule 15(a)'s "freely given" standard governs. See O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-5 (1st Cir. 2004).

"Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." O'Connell, 357 F.3d at 155. Under this inquiry, "[p]rejudice to the opposing party remains relevant but is not the dominant criterion." Id. Rather, "'[i]ndifference' by the moving party" may preclude leave to amend "irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." Id. (citation omitted). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial tactics and strategy ....'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)). Moreover, "[a]s a case progresses, . . . the burden on a plaintiff seeking to amend a [pleading] becomes more exacting." Id.

"In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and 'exercise its informed discretion in constructing a balance of pertinent considerations.'" U.S. ex rel. Hagerty v. Cyberonics,

Inc., 146 F. Supp. 3d 337, 342 (D. Mass. 2015) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006)); see also Martins v. Vt. Mut. Ins. Co., 662 F. Supp. 3d 55, 60-61 (D. Mass. 2023)(same), aff'd, 92 F.4th 325 (1st Cir. 2024)

This case was filed in 2022 and discovery is scheduled to close on November 15, 2025. As noted above, the progress of this case makes plaintiff's burden "more exacting." Steir, 383 F.3d at 12. It is a burden he cannot meet.

The factual information necessary to support the claims Mr. Torres seeks to add – violations of the Americans With Disabilities Act and 42 U.S.C. § 1983 – was in his possession from the inception of this lawsuit or, at a minimum, when he amended his complaint to name the "John Doe" officers. Thus, the court cannot conclude that plaintiff has been "diligent." In addition, all deadliness except discovery and for filing summary judgment motions have passed. Thus, the putative amendment would likely require a significant extension of a discovery deadline that is soon to expire, including an allowance for the defendants to seek dismissal of any new claims. This, in turn, would require further delaying trial from its scheduled commencement in April 2026.  Accordingly, and after "balancing [the] pertinent considerations.'" Hagerty, 146 F. Supp. 3d at 342, the court recommends that the district judge grant the defendants' motion to strike.

4

## Conclusion

For the foregoing reasons, it is recommended that the district judge grant the defendants' motion to strike plaintiff's amended complaint.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 27, 2025

cc: Jeremy Jason Torres, pro se
    Counsel of Record